Our first case on the call of the docket today, Tuesday, March 20, 2012. Is agenda number 7, case number 112-040, Downtown Disposal Services, Inc., Appalachia v. the City of Chicago, at all appellants. It looks like counsel for the appellants are ready to proceed. Please proceed. I am, your honor. Thank you. May it please the court, Chris Norberg on behalf of the city defendants. Your honors, it has long been the rule in Illinois that the practice of law by non-attorneys is impermissible, and that non-pro se acts of lay representation being wholly unauthorized are void ob initio. These principles are sound and this court should adhere to them here today. In fact, this court has never recognized an exception to the nullity rule. In both the Sperry case and the Applebaum case, the court stressed the fundamental difference between non-attorneys and attorneys with merely technical impediments to practice. And they held that the rule, the nullity rule, did not apply merely specifically because there was no unauthorized practice to begin with. In this case, Mr. Van Tholen, when he filed complaints on behalf of his corporation, as a non-attorney, was plainly engaged in the unauthorized practice of law. So we submit here today that this court should impose a bright line rule that requires courts to treat all acts of lay representation undertaken by lay persons, excuse me, non-attorneys, as nullities. Because that is the only rule that will achieve consistent and predictable treatment of litigants throughout the state of Illinois, and more important, the only rule that will protect the integrity of the judicial process itself. Mr. Norberg, how is the purpose of the utility rule served by applying it to this case, and what harm has been done and to whom? Well, we wouldn't go so far as to argue that there had been any actual prejudice in this case. Our argument would be that if the court does not impose a bright line rule that recognizes, as the court did in Sperry, that inherent in lay representation is a harm to the justice system, that it will create a case-by-case approach that will essentially be very difficult to be unworkable, essentially, in the circuit courts, and will lead to all sorts of different types of decisions and all sorts of different levels of allowance. Now, in this case, we wouldn't argue that there was any serious, severe prejudice to the city. We would just argue that this court should, going forward, make clear that regardless of whether there's prejudice, the fundamental defect that happens when there is a lay practice of law leads to invalidity in every case. And it's important to recognize that, although we do not press this necessarily in this case, that the initial decision to file a complaint, whether it be a formed complaint, any sort of lawsuit, the decision is one that should be and must be undertaken by trained attorneys. Because it's arguably, at that point, the most important point for legal acumen to be brought to bear. The idea that someone is going to initiate a case without knowing whether it is justified under the law or under a reasonable argument for the extension of existing law or a change of law is seriously problematic. So regardless of what exactly the act of legal practice is, it's our position, and we submit, that consistent with Applebaum and Sperry, this court should hold that it is null of initio. Mr. Norberg, if we agree with your position on Applebaum, does this court still have to look at whether or not what Mr. Van Tolen did in this case did constitute the unauthorized practice of law? If the court were to determine that this was not the unauthorized practice of law, then I agree that this would not necessarily be a rule of nullity case. But it would be a sea change were the court to hold that the preparation and filing of a complaint, even if it's a formed complaint, the filing of a complaint in the circuit court is not the practice of law. If that were to be held, then that would be a fundamental change. And we would argue, once again, the point I was just making, that the decision, the very decision to decide whether or not to pursue a complaint or to file a notice of appeal or do something that initiates a stage of litigation, it is very important that the person making that decision is a trained attorney because it is at that point that you need to understand what the law is, what you're asking for, what sort of principles are involved. And a layperson is simply incapable of appreciating that. So, Justice Thomas, we would argue that, while conceding that were the court to hold that this was not unauthorized practice, then it would fall under Applebaum and this would not be a nullity rule case. But we would urge the court not to take that profound step and basically rewrite the law of what it means to practice law. And I also would stress that that is essentially the only way that the court could, without condoning the unauthorized practice of law, find for, affirm the appellate court in this case. The court would have to conclude, essentially, that what Mr. Van Tholen did here, deciding to file administrative review complaints, did not constitute the practice of law. So I think it's important to recognize that without, if the court is unwilling to take that step, then it is very difficult to understand how the court could find for Mr. Van Tholen and downtown disposal in this case. Now, looking at the purposes of the nullity rule is where I'd like to begin my formal remarks. Now, there are two equally important purposes here. First is to protect the litigants from ignorant law practitioners, people who don't know how to be lawyers, trying to be lawyers. But second, and I would say more important and more germane to this case, is to protect the court itself and the administration of its proceedings from those lacking the requisite skills. Now, that's a quote from Sperry, and I think that it's a very important point that this court should hew to here today. Even where there is not prejudice or minimal prejudice to the opposing party or prejudice to the party who is being represented by a lay representation, inevitably, inherent in any act of lay practice is harm to the system itself. And were the court to allow a case-by-case approach and allow the circuit courts to in some cases forgive, condone lay practice of law, you would end up in the aggregate with a system of justice that was not sufficiently coherent and fair when looked at overall. The best way to have a coherent and fair and consistent approach across the state is to just have a bright-line rule. And if this court does announce a bright-line rule, then going forward, there shouldn't be a problem with non-attorneys attempting to represent, engage in non-pro se representation. Should it make any difference that this is an appeal from an administrative review proceeding? No, Justice. I don't believe so. I mean, the only aspect of that that comes into play in this was the fact that there's a relatively short statute of limitations, essentially. But, I mean, the fact remains that this is a complaint being filed in the circuit court, and there's really no principle basis that we could see. And downtown disposal has not suggested one to carve out an exception whereby complaints for administrative review are somehow different than complaints in general. They're not treated differently in any other sense. So we would submit that they should not be treated differently in this sense. Mr. Norberg, the attorney that did file an appearance, it was just six months after the filing of the complaint, wasn't it? That's about, yeah, I think in April, I believe it was. And so with regard to the substance of the appeal, did Peter Van Tholen actually come into court and represent himself, or did the attorney do it for the substance of the case? The substance of the case was he was represented by an attorney. That's absolutely right. So are we not thinking about form over substance here in any way? Well, in a sense, but I would say that the form here is substantial. This is a very important rule. The formal rule that only attorneys are allowed to practice law in the courts is important enough that even in a case, this court, we submit this court should not be moved by a case that seems to be no harm, no foul. Because if you start allowing the courts to make the determinations in a case-by-case basis of whether or not there was harm, you're inevitably going to lead to similarly situated litigants being treated somewhat differently, at least, and maybe substantially differently, conceivably. But aren't you saying that the filing of the complaint is the practice of law, not that because you admitted that the actual substance of the case was the client was represented by an attorney. All Van Tholen did was file the complaint. Was that the practice of law, the filing of the complaint? Yes, I think that it absolutely was. And to return to the theme that I was bringing up earlier, in a sense that might be one of the most fundamental things that an attorney learns how to do and is capable and competent of doing and is ethically trained to do in an ethical manner is to decide whether or not to initiate a lawsuit in the first place. Now, I'm not necessarily pushing this argument here that it was, that there was something unethical about pursuing an administrative review appeal here or that this case was not well-founded in law. But conceivably, in going forward, that could very well become a problem, where if you allow non-attorneys to decide to file lawsuits, you're much more likely to get baseless, frivolous lawsuits that just are not, that are not justified. And the reason why, one of the fundamental reasons why only attorneys are allowed to practice law is just that, because attorneys are trained to understand if there is a cause of action, if there is a good claim. And so were the court to say the practice of law begins when the more substantial acts of legal practice begin, meaning briefing, arguing, et cetera, then you would be overlooking, respectfully, the fact that the very decision to initiate is a very important decision, and it's a decision that needs to be informed by legal training. Mr. Norberg, is the court to blame in any way here or at fault? The fact that the complaint said pro se complaint for administrative review, should the court have said you can't file this complaint on behalf of a corporation? Is there anything persuasive about that argument or not? The circuit court of Cook County? Right. Well, I think that, in a sense, the fact that this was a pro se complaint for administrative review, obviously there are cases where an individual has a pro se administrative review claim. So the existence of the form is perfectly reasonable. I'm talking more about an obligation on behalf of the court once they see it's an entitled pro se complaint for administrative review that really deals with a corporation and that an individual can't file a pro se complaint on behalf of a corporation. Any duty there on the part of the court, or you don't see any? I don't see a duty exactly. And to be honest with you, Justice Thomas, I think that what this shows is this sort of highlights the fact that it is problematic to have non-attorneys attempting to practice law. Because if you look at these four complaints, they are captioned pro se complaints for administrative review. As attorneys, we know what pro se means. And we also know, and it's not really being questioned here, that a corporation cannot really practice pro se because a corporation is an artificial entity. So the very fact that Mr. Van Tholen tried to put the square peg in the round hole here shows that he was not prepared to represent his corporation. He attempted to use a form that, as an attorney, I would have recognized and any other attorney would have recognized just simply was not applicable and was not appropriate. This was not a pro se case. This was a case where downtown disposal was appealing the administrative body's finding and they needed to have representation and it needed to be an attorney. And so I would argue that the form itself is not really misleading. It's just it was inapplicable. And perhaps it would make sense as a matter of policy for the circuit court clerk in Cook County and in the other circuits around the state of Illinois to take more steps to sort of give, just provide information so that such situations are allayed. But I think at the end of the day, there's no real duty under any law I'm aware of for the circuit courts to give the sort of legal advice that would have been necessary to prevent this from happening. So the duty in this case is on the non-attorney who doesn't know that he cannot, as the president and perhaps sole stockholder of a corporation, file a pro se complaint that is furnished by the circuit clerk's office. It's his duty to know he can't do that. I think it is. And the trial court has no duty to say, look, this is a corporation. We can't let you file this. Maybe not the circuit clerk's duty to follow up on Justice Thomas' question. But shouldn't the trial court have a duty to say you can't file this, which would take care of the problem in this case, as opposed to letting it go down the line for six weeks or six months until an attorney entered an appearance and then on that basis allow the city to have a dismissal? This court could conceivably instruct or urge the circuit court clerks and the various circuit courts to undertake that sort of approach and to vet these sort of complaints to make sure in a timely way that within the 35 days that maybe there would be some sort of dismissal with leave to amend, saying you're approaching this the wrong way and you need to get an attorney. But that would be a unique rule, I would submit. In any other case where somebody files a complaint with either an actual pro se complaint or a complaint with a representative by attorney that has a flaw in it, that for some reason has a problem, the court is never, there's no duty imposed on the court to sua sponte say you need to fix this in order to go forward. So it would be a specific exception that the court would be imposing. And I'm not entirely certain exactly how the court could do that. I'm assuming it's within this court's power to urge the courts to undertake that sort of thing. But it would be a special treatment. And I think that, to be honest with you, it may seem harsh, but at the end of the day ignorance of the law is no excuse. And that is a harsh axiom, but it is a generally applicable axiom. And I think that in this case it applies well and it applies fairly, because what you have is a corporation, it was a single, our understanding is that it was essentially Mr. Vantolin was the corporation. So it was just one person. But by choosing to incorporate and by taking the advantages, the presumed advantages of incorporation, he also took on himself certain responsibilities. And I think it's fair for the court to assume or to require a certain amount of sophistication and diligence on the part of someone who is president of a corporation to make sure they're doing what they need to do correctly. Back to Justice Carminer's question, though. If Mr. Vantolin had approached the bench in the circuit court and tried to file an appearance, presumably that trial judge would say, you can't file an appearance on behalf of the corporation because you're not an attorney. And so in that particular instance the alert would have gone off at the first instance. And in this case, because he filed, right, without any duty on anybody's part to say you can't do that, much as you couldn't file an appearance, I mean, he's out of the box completely, right? I think that's right. I mean, I think it's just the nature of the way circuit courts and large circuit courts like the Cook County operate, inevitably there's going to be a lot of filings every day and a lot of, I mean, it's a huge operation. Mr. Norberg? Sure. On that same line of questioning, if we were to impose a duty on someone, wouldn't it be the administrative law judge who would inform the plaintiff at that time, if you're going to appeal, this is what you have to do? Isn't that what trial courts do all the time? You have so many minutes, so many days to file for an appeal. So wouldn't it be the administrative law judge's responsibility to tell Mr. Vantolin that he should have an attorney before he files? Well, I think that in this case, Mr. Vantolin and Don Donisposa make much of the one word, you may appeal this, and they argue that that constituted explicit instruction that he himself could proceed and represent his corporation in the circuit court. But wouldn't it be instructive for the administrative law judge to say, you personally cannot, on behalf of the corporation, you must have an attorney to file? Is that what you're saying, that the duty you want us to impose on the administrative law judge? Well, I don't think that any duty should be imposed and need be imposed. I think that what was said here was sufficient to inform, and the form, if you look in the record, if you look at the actual judgments, the administrative judgments, it does inform the party of their right to appeal within 35 days. So the notice is being given, and I don't think this court needs to impose on the administrative body, presumably not only this administrative body, but the other administrative bodies throughout the state that allow lay representation, any specific form of instruction they need to give. I think that ultimately, once again, proceeding to the circuit court is a step that the litigant here, Mr. Bantola, needs to realize and be diligent in determining that they're approaching it in the correct way and that they're doing the right thing and that they have counsel if needed. So that would be our answer to that. Your time has expired. Thank you. Thank you. Counsel for the appellee. Thank you. Good morning, Justices. My name is Richard Boonstra. I represent the Downtown Disposal. My colleagues, John Lilig and Pat Dwyer, are here with me. This is a case about the application of the Nullity Rule in a way that cut off subject matter jurisdiction, subject matter jurisdiction that arose out of the Administrative Review Act, referred to probably most accurately as special statutory jurisdiction. Mr. Bantola followed every instruction and every aspect of the Administrative Review Law, and notwithstanding that, he ends up in the circuit court. And then from, you know, rearing its head from out of the common law comes the Nullity Rule and blows this case out of the water. He has a lawyer present with him to fix the case as it goes forward subsequent to the filing of the complaint. But the trial judge, believing that his hands were tied, dismisses the case. I disagree with Mr. Norberg about my position being one that advances for a C change. I think the law is quite consistent with the decision of the appellate court in this case. And I would start with the three Illinois Supreme Court cases, starting with the Brigham case, and then Sperry, and then, of course, the Applebaum case. All three of those Supreme Court cases deal with the Nullity Rule, and all of them provide circumstances in which the application of the Nullity Rule should not occur because it's too harsh. Here, as Mr. Norberg said, there was no harm, there was no prejudice, but there was also no day in court, notwithstanding that the rule's purpose was not served here. The Brigham case was a case in which the attorney that was involved had been disbarred because he had failed to pay his ARDC fee. And as a consequence, his client decided, I think probably to take advantage of the situation, that because he had been represented by a disbarred lawyer, the representation was a nullity. This court said no, finally. The Sperry case, of course, was the professional corporation case in which the law firm had failed to register with the Supreme Court. And as a consequence, this court ultimately said that's too harsh an application of the Nullity Rule. And then, of course, Applebaum, which is a case that, consistent with those other two cases, recognized the distinction between registration and licensure. And then also paved the way for that the rule should not be applied if its purposes were not served. It's true, but Applebaum makes repeated reference to the fact that the attorney in the case, before it was licensed, and contrasting the attorney with an unlicensed individual. So it seems, at least Applebaum seems to keep a distinction between licensed and unlicensed individuals with regard to automatic application of the Nullity Rule, doesn't it? It does. There are, however, other district court cases in which that distinction was not, you know, recognized or that was not critical. And there's also a federal case law that supports that as well. So we would have to tweak Applebaum then? I think so. But I think it's consistent, the appellate court's consistent with Applebaum, which says that where the rule's purpose is not served, the rule should not be applied. So that would really mean we would be looking at the Nullity Rule in the context of the particular facts of each case? I think that that's going to happen inevitably. Just by, if we're going to weigh whether the rule's purposes are served, which is what Applebaum requires, I think we're going to be required to analyze the facts of each case. I do not think, however, that that will open the floodgates to, you know, frivolous cases and that the public and the court system will not be adequately protected. The cases in which, there are cases in which complaints were filed by non-lawyers and the Nullity Rule was not applied. There are cases in, two cases in the third district, the Pratt-Holt-Camp case versus Trinity, a 2003 case, the Moshon case, another third district case in 1986. And then also there is a Pollution Control Board case in which the petition for review was signed by a non-attorney and the Pollution Control Board said the Nullity Rule should not be applied. There is also a very recent federal case authored by Judge Posner in which the bankruptcy petition was filed by the corporate president and in that case both the bankruptcy court, the District Court of Illinois, and then ultimately the Seventh Circuit ruled that the Nullity Rule should not apply here, recognizing Illinois as a staunch defenders of the Nullity Rule, still believe that in that circumstance the application of the rule was not appropriate. Ms. Brunstrad, do you concede that the contention that Van Tholen's actions constituted the unauthorized practice of law? I don't think you need to answer that question to decide this case. I do think that complaints are filed that are not the practice of law. This court, even in its small claims statute, 282B, permits corporations to file small claim complaints, permits their officers, non-attorneys, to do that. Now maybe that is still the practice of law, but it is an exception because the amount is so small. So I don't think the law in Illinois is very clear on exactly what constitutes the practice of law as it is in some other jurisdictions. However, as I said, I don't think you need to decide that question in order to rule on this case. Mr. Boonstra, I know that one of your arguments is the language by the administrative law officer who commented, by the way, is it Van Tholen or Tholen? Van Tholen. Mr. Van Tholen, quote, you have a right to appeal the decision of the circuit court within 35 days, et cetera, close quote. Do we know of record where this administrative complaint form came from? Do we know of record that it was at the Daly Center? Sixth floor of the Daly Center. So that's not disputed? No. So it wasn't given to him at the time of the hearing? No, I think he was directed at the time of the hearing, the administrative hearing officer indicated to him that he needed to take action within, you need to take action within 30 days. And he ended up at the sixth floor of the Daly Center to collect the form. And I think the record shows that the clerk there, you know, provided him with instructions on completing the form. But again, he didn't know, obviously, about the nullity rule and followed the administrative procedure that was set out for him and then ends up with this harsh result where the jurisdiction of the court is actually cut off by the application of the nullity rule in a circumstance where the rule's purpose is not served at all, you know, by the admission of the city. Thank you. Mr. Boonstra, Applebaum stressed in the decision, quote, in light of the specific facts in this case, we hold that the purpose is served, and the specific facts being that there was a licensed attorney in that case. We hold that the purpose is served by applying the nullity rule, the protection of the public and the integrity of the court system from the harm presented by representation by unlicensed individuals are not present here. Specifically saying that that is the holding, that there is harm just in the act of an unlicensed individual representing someone. How do we get around the language of that case? And why wouldn't the appellate court be extending it, extending that case, I think, based on the language earlier in the decision that used the word permit? I think because the appellate court case also is confined, by the appellate court's own words, confined to the facts of that particular case. So I don't think that Applebaum would need to be opened up further in order to permit the mere filing of the complaint by a non-attorney, then followed by legal representation thereafter, I think would be consistent with Applebaum. So is it your argument that that act was not the unauthorized practice of law by a non-attorney? The act of filing the complaint? I'm not impressed to see that as the practice of law, quite honestly. It's a form complaint, fill in the blanks. We can look at all kinds of complaints that get filed across this state. All of us probably have received traffic tickets that are fill-in-the-blank complaints filled out by a police officer where he is actually selecting the application of the law to the particular situation. Is that the practice of law? There's OSHA, there's DNR, there's housing court, there's all kinds of complaints that get filed by non-attorneys that involve the law. This complaint, when you stack it up against all of those, and I make this argument in my brief, just does not seem like a sophisticated legal endeavor. What does this mean in Applebaum? We were persuaded by the fact that the attorney represented to no other clients while on inactive status apart from his father's estate. And the attorney was the real party in interest. And then it further goes on to say, therefore, at no time offered legal services to the public or engaged in the practice of law on behalf of any real party in interest other than himself. Are we to look at that language? I think so far as it raises the question of harm to the public or the court system, yes, I think that you do. Although I think in Applebaum he was an attorney inactive, but he was representing an estate, so he was still representing another person, arguably. And that was deemed to be okay. And there are other cases, wrongful death cases in which that's the situation, too, where a non-attorney is involved representing another person. So there are already, you know, openings where individuals are performing legal acts on behalf of others. The key is not to have a bright line, absolute rule that drops the door down, closed hard on the jurisdiction of a court where even in this case, for example, Ventolin had due process arguments of lack of notice to him regarding the administrative hearings. Those claims are swallowed by the application of the nullity rule in this case. That's just not fair. That should not be the case. There's other issues in the case also that deal with equal protection and also the practice of law that I'm not sure the court needs to decide whether it should or wants to or endeavors to is a different issue, of course. But why a corporation should be treated different than an individual in a circumstance like this involving administrative review I think is an open and a good question. If the administrative review had been followed by the city to the letter, once they got to the circuit court, nobody would know if downtown disposal was a non-attorney. The only way that that came into the record was because the circuit court allowed the record to be opened up to allow additional evidence, which is actually against the administrative review law, that you stick with the record that you have. So that's why I argued in my brief that the city waives the application of nullity rule unless they bring it up at the earliest possible time. They should bring it up at the time of the administrative hearing. If they want to use that weapon or that argument to protect the public good or the court system, there's no other way to get it in the record so that it can be addressed by the circuit court. At the administrative hearing level, though, the rule permitted non-attorneys to participate, did it not? It did. So is your point that they should have objected as soon as the review in the circuit court was filed? Or they waived that? At some critical stage where there was a means for that evidence to get into the record. And it seems to me it would have to happen at the administrative hearing. If not there, then as Justice Thomas said, maybe by the circuit court indicating to the administrative hearing that there was a non-attorney, this can't be filed if you're a corporation unless you have a lawyer. Then it's at least in the record at that point, the earliest possible time, instead of here, months down the road, fees have been paid, everything else, expectations have been raised, and then the door gets slammed shut when the purpose of the rule isn't even served. If, however, the purpose of the rule is as outlined in the Appelbaum case, and we follow that strictly, then does it matter whether anyone has done anything else, the court or the other opposing party, bring this to the attention of the court? Is it an absolute, unless this is not the practice of law, that it's a nullity, the action that he took? I don't think I understand your question. Okay. Sorry. I'll try again. Go ahead. I mean, go ahead now. I'll try to rephrase that. Let me ask counsel, how would you articulate the ruling you would want us to make in this case with regard to the nullity rule? Because in every case, whether this is an appeal from an administrative review or some entity filing an L case in the circuit court in our state, is that what you're saying, that you would have to, that the court should not or could not dismiss that unless they proved that there was some kind of prejudice? Tell me exactly how you want to start articulating it. Exactly how, I'd have to think about that. But I'm not sure that I'm advocating a sort of case-by-case analysis with the state of the existing law. And I think that's so because the practice of law is not clearly defined. And so here, where I think the practice of law did not occur, and then the nullity rule gets applied, that's one level where this court's holding could be instructive. If the practice of law was better defined, then the application of the nullity rule could be less on a case-by-case basis. But if we're going to exist with the practice of law relatively undefined, then I think that requires us to look at each case and say, well, is the purpose of the nullity rule actually being served here? How is the public being protected? How is the court system being protected? Is there ignorance of the law? Is there frivolous litigation? And I think a judge would have to examine that. So you're really telling us there's a problem with a lack of clear definition of the practice of law? You know, if I take my marching orders from the trial judge in this case, who I think wanted to rule in my favor, he raised a certain number of questions that are in the transcript that's attached to the city's brief. Among those questions is, what is the practice of law? That is one of his questions that he was puzzling over. I think there are cases in other states in which the practice of law is better defined. One of them is actually cited in the city's brief from Pennsylvania, the Harkness case, which actually sets forth factors that ought to be present in the practice of law. And I think those are, for example, the nature of the activity, the degree of formality that's involved, the minimal amounts that are involved. And I think that's consistent with this Court's Rule 282B, which actually permits a corporation to file claims, because as long as they're small. Long history of non-lawyer representation, the burden on the public, and then whether the rules of evidence and the rules of procedure are involved. When I look at those factors and apply them to this case, none of those were present in the mere filing of this administrative review complaint. Mr. Bootser, presumably the four pro se complaints, the city had notice of those, right? Yes. So you mentioned this before in response to a question. Are you making somewhat of a, at least analogous to an estoppel argument, that at the service of those complaints, the city was put on notice that those complaints weren't properly filed, and at that instance would have some type of obligation to come in and say that these aren't valid complaints? Did I hear you say that? I think that's right. I didn't use the word estoppel, but it certainly fits. If you're truly trying to protect the public and the court from corporations practicing law without lawyers, then that's the point when you see it about to happen, that's the point when you ought to do something about it, I think, when the administrative review complaint is actually served upon you. You were asked a couple of times whether this is the practice of law, and it seems to me you hedged your answer a little bit. Yes, I did. That was the impetus for my earlier question. If the nullity rule applies to the practice of law, then is the real question here, was this the practice of law, or is the real question the purpose of the nullity rule? It's both, but you're right. The reason I hedge is because I want to win the case. And if I raise the practice of law, it's a big issue, just like the equal protection one, which I'm not sure you really need to go into those issues so that I can still win the case. But there are still issues that I think are troubling to the trial judges and the appellate judges as to what is the practice of law, and I think the law in Illinois is probably not as clear as it could be. So yes, it's certainly. Your Honors, I just have a couple points I'd like to make in rebuttal, and I'll start at the right of the bench. Justice Carmeier, I think it's clear that, and it has always been clear, that the filing of any sort of complaint, the preparation of complaint is the practice of law. In Quinlan v. Tyson in 1966, this Court made clear that mere simplicity cannot be the guiding light as to whether or not something constitutes the practice of law. And I'd like to correct the opposing counsel if I may. My understanding of this Court's rule with regard to small claims practice by corporations is that that's exactly backwards, that actually there is a state statute, which I'm not sure exactly what it is, but I believe there's a state statute that provided for allowing corporations to appear in small claims court by their officers. But this Court had a contrary rule, and that has been held, I believe, by the appellate court, if not by this Court, that where a rule of this Court conflicts with a state statute on the issue of the regulation of the practice of law, this Court's rules trump the state statute. So my understanding, if I'm not mistaken, is that actually this Court's rule forbids the practice even in small claims court by corporations. And proceeding to Justice Thomas's point that he made about Applebaum, I believe that you're absolutely right in reading Applebaum to draw a fundamental distinction between licensed attorneys and non-attorneys, and that were this Court to create an exception to the nullity rule, in this case, it would be the first time the Court has ever created such an exception. Because, again, Sperry and Applebaum did not create exceptions from the nullity rule. Rather, they held that the nullity rule did not apply because there was no unauthorized practice. So I think in order for this Court to determine that what Mr. Van Tollen did was permissible and legally effective, it would have to hold that it did not constitute the practice of law. And I think that is the sea change that I was identifying, that the Court would have to say for the first time that preparing and filing a complaint in a court of Illinois did not constitute the practice of law. And I'd like to make clear, opposing counsel suggested that we conceded that the reasons for the nullity rule, the purposes were not served here. That's not true. We don't concede that at all. We stress the fact that, I mean, I did say that in terms of prejudice to the city, and the record is not clear that there was any prejudice to the city in this particular case, but our argument is, and always has been, that consistent with Sperry and Applebaum, inherent in the unauthorized practice of law is harm to the system itself. And that in order, going forward, to create a rule or to enshrine a rule that best protects justice as an aggregate of the system, as an aggregate matter going forward, the Court should draw a bright line and say there's a fundamental difference between attorneys and non-attorneys. Non-attorneys are not authorized to practice law in any acts of authorization they undertake. It's as if they never existed. They're null and void ab initio. Now, with regard to Justice Thomas's suggestion or raising the question about whether or not there was an estoppel sort of argument here, we would stress two things. First, there's no evidence in the record that the city was on notice of the fact that Mr. Vantolin was a non-attorney or any of these particulars about this case within the 35 days following the administrative hearing. In this case, he filed the four complaints about a week before the 35 days ran, approximately 28 days after the decision. And just once again, I have to point out, as a practical matter, as a practical reality of the city, we have a large operation and we get lots of these type of complaints. And it seems backwards to us to put the onus on us in particular and defendants in general to investigate this and find out whether or not there is this particular problem with a complaint and then put the plaintiff on notice about the problem with the complaint in order to allow them to cure it in a timely fashion. It's practically unworkable, just as I can represent as a matter of practical reality, and also it seems to be backwards. We would submit that the onus is rightfully on the party bringing the lawsuit to understand the rules and that the ignorance, once again, comes down to the fundamental axiom that ignorance of the law is not an excuse and should not be excused in this particular instance. And were this court to agree with us and issue an opinion that makes clear what we argue is already essentially clear, that the nullity rule applies to every act of legal representation by a non-attorney, then going forward we don't anticipate that this should be a problem because the law will be crystal clear and any mistakes that are made by people going forward, it will be ignorance of the law type situation. Mr. Norberg, when was it apparent that there was an issue with the filing of the complaint? Well, my understanding is that the way that this works is a complaint is filed and I'm getting the answer. I'm looking for a factual point of the record. When did you know about this? I think a few, I could say a few months after the complaint was filed. How so? They found out because that is when an attorney for the city actually begins to process the complaint and work and begin to prepare for the hearing. I don't want to know about the general rule, I want to know about this case. What was discovered when that raised the issue? The record is not exactly clear, but my understanding is what was discovered was that the complaint was reviewed by an attorney who recognized that on its face it was odd, that it was a pro se complaint for administrative review. You mean the form was a pro se or the way it was filled out? The form was a pro se and the way it was filled out was that downtown disposal was designated to plaintiff and yet Mr. Vantolin signed it in the line that designates plaintiff pro se. So it didn't really make sense because in a typical pro se, in an appropriate pro se, it would say Chris Norborg, plaintiff pro se, signed by Chris Norborg, plaintiff pro se. Here it said downtown disposal, plaintiff pro se, signed by Mr. Vantolin. At that point the trial attorneys investigated and determined that he was not an attorney. But that's not of record, is it? It is of record because the determination that he was not an attorney was made by looking at the ARDC website. I'm saying that that information was not in the administrative law record. It was not in the administrative law record, but it is judicially noticeable and it did not go to increasing the record that would have been subject to administrative review. And that is the import of the rule. The point of not looking at anything outside the record is that when you're reviewing an administrative decision, you look at the administrative record. This was not going to the decision. This was going to something different and a threshold question about the complaint. Well, here's what I'm leading up to. Mr. Boonstra has made the argument that the record was improperly opened up and that facts were introduced into the record that supported your motion to dismiss. And I know that's in the briefs, but I just want to hear, since he commented it, how you comment. Well, our response to that would be that, once again, the import of the rule that administrative review is limited to the record goes to the fact that when you're reviewing the administrative decision, the correctness or incorrectness of the administrative decision, you're not allowed to look at any evidence that was not presented in the administrative body. You're not allowed to consider extraneous material. In this case, the extraneous material, which was judicially noticeable, the ARDC records, had nothing to do and was not brought up in order to support the administrative finding by the city. The city did not say, you should affirm the DOAH because, look, he's not an attorney. Rather, what the court said is, this complaint should not be entertained because he's not an attorney. It was a threshold question. So the combination of the judicially noticeable nature of the material and the fact that it was not being introduced for the purposes of administrative review, but rather for the purposes of determining whether or not the complaint was effective, is the reason why that argument fails from our perspective. Further on that note, Mr. Norberg, at the administrative review then, what went on there was not the practice of law? At the administrative review level? No, we would argue that the line between the practice of law and the nonpractice of law should remain where it is in that sense, because were this court to hold that what occurs in the department of administrative hearings, where there are much less formal proceedings, there's no rules of evidence, rules of civil procedure, and the amounts at stake are often relatively low, were the court to hold that that constitutes the practice of law, then the next corollary would be the court would have to require attorneys to appear for all the parties in administrative review. And inevitably what that would do would end up causing administrative respondents to give up their right to defend themselves, because if the amount at stake was so low, it would make no sense from a cost-benefit perspective to have to hire an attorney. So this court, it has the power to define the practice of law, and we would submit, A, it's not squarely presented in this case, so you need not decide what happens in DOIH constitutes the practice of law, but were the court to want to decide it, you should allow that to be seen as not the practice of law. And I would also stress that it's not only the DOIH that allows lay representation in the administrative context. Also the Department of Employment Security does that, and I believe a couple other agencies of the state. So a decision that this sort of activity in the administrative setting constitutes the practice of law would have a ripple effect far beyond this case. Your time has expired. Thank you. Thank you, Your Honors. We would ask you to reverse the judgment of the appellate court. Thanks. Case number 112040, Downtown Disposal Services v. The City of Chicago is taken under advisement as agenda number 7.